NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7027

JOHN D. MILLER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

John D. Miller, of Cleveland, Ohio, pro se.

Amanda L. Tantum, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director. Of counsel was Sean M. Dunn, Trial Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7027

JOHN D. MILLER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0933, Judge Bruce E. Kasold.

_____

DECIDED:  October 7, 2009

_____

Before MAYER, LOURIE, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

John D. Miller appeals the judgment of the Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the Board of Veterans' Appeals March 15, 2006, decision denying his requests, based on clear and unmistakable error ("CUE"), to revise or reverse several prior board decisions with respect to the effective date and disability rating for his service-connected pseudofolliculitis.  <u>Miller v. Peake</u>, No. 06-0933 (Vet. App. July 9, 2008).  The Veterans Court also modified the board's decision so as to dismiss his non-specific allegations of CUE without prejudice.  <u>Id.</u>

Miller disagrees with how the Veterans Court and the board evaluated the record evidence to conclude that he was not entitled to an effective date earlier than June 11, 1986, for an assigned disability rating of thirty-percent for his skin condition.[*]  He also raises new allegations not properly brought before or addressed by the Veterans Court, claiming that the Department of Veterans Affairs and the board failed to comply with the duty to assist and to sympathetically review his claims.  We have considered each of Miller's arguments before us on appeal, and conclude that they (1) challenge factual conclusions, and (2) fail to raise genuine constitutional issues.  Because we lack authority to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue, 38 U.S.C. § 7292(d)(2), we dismiss his appeal.

---

[*] The Veterans Court made a typographical error identifying the effective date for Miller's service-connected pseudofolliculitis as June 11, 1996, instead of June 11, 1986.  This error does not modify the 1990 board decision that assigned the June 11, 1986, effective date.